Jon G. Shadinger Jr, Esq.
Shadinger Law, LLC
NJ Attorney ID #036232017
717 E. Elmer St.
Vineland, NJ 08360
Tel (609) 319-5399
Fax (314) 898-0458
js@shadingerlaw.com
*Attorney for Plaintiffs,*
*Ronald Moore and The Independence, Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
TRENTON VICINAGE

| | |
|---|---|
| RONALD MOORE, an Individual, <br><br> and, <br><br> THE INDEPENDENCE PROJECT, INC., a New Jersey Non-Profit Corporation <br><br> Plaintiffs, <br><br> vs. <br><br> JUMPING BROOK ENTERPRISES, a New Jersey Corporation, <br><br> Defendant. | Case No. 3:21-cv-15429 <br><br> **COMPLAINT** |

### Introduction

Plaintiff, RONALD MOORE, an Individual, and The Independence Project, Inc., a New Jersey Non-Profit Corporation, ("Plaintiff" or "Plaintiffs") on their behalf and on behalf of all other mobility impaired individuals similarly situated hereby sues the Defendant, JUMPING BROOK ENTERPRISES, a New Jersey Corporation ("Defendant") for injunctive relief, damages, attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42

1

U.S.C. §12181 et seq. ("ADA") and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq. ("LAD").

## The Parties

1. Plaintiff, RONALD MOORE, is an individual over eighteen years of age and is otherwise sui juris. He resides in New Providence, New Jersey, within Union County.

2. Plaintiff, THE INDEPENDENCE PROJECT, INC., is a non-profit corporation with a mission of ensuring enjoyment and equal access for disabled persons in all places of public accommodation. This entity was formed under the laws of the State of New Jersey and remains in good standing.

3. Defendant, JUMPING BROOK ENTERPRISES, a New Jersey Corporation, holds title to the subject property; a place of public accommodation alleged by the Plaintiffs to be operating in violation of Title III of the ADA.

## Jurisdiction and Venue

4. Defendant's property, also known as Gable's Shopping Center, is a shopping center/plaza located at 2040 Corlies Avenue, Neptune City, New Jersey 07753, in Monmouth County ("Subject Property").[1]

5. Venue is properly located in the District of New Jersey, Trenton Vicinage because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

6. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans

---

[1] Property also being known as Block 115, Lot 1 on the municipal tax map of Neptune City.

with Disabilities Act, 42 U.S.C. § 12181 et seq.[2]

7. Jurisdiction over the state law claim vests with this Court pursuant to 28 U.S.C § 1367.

8. The Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA. The Defendant is thus required to comply with the obligations of the ADA[3].

9. Plaintiff, RONALD MOORE, is an individual with disabilities as defined by and pursuant to the ADA. Mr. Moore is a quadriplegic as the result of a severe spinal cord injury and therefore has a physical impairment that substantially limits many of his major life activities[4] including, but not limited to, not being able to walk, stand, reach, or lift. Mr. Moore, at all times, requires the use of a wheelchair to ambulate.

10. Plaintiff organization, THE INDEPENDENCE PROJECT, INC., is comprised of individuals with disabilities, as defined by the ADA. The primary purpose of this organization is to represent the interest of its members by ensuring that they are not discriminated against at places of public accommodation.

## Factual Context Related to Standing

11. Mr. Moore is a staunch supporter of the ADA. Since becoming aware of his rights as a disabled individual he has dedicated his life to this cause so that he, and others like him, may have full and equal enjoyment of all public accommodations without fear of discrimination and repeated exposure to architectural barriers.

12. Mr. Moore encounters barriers at the majority of public places that he visits. Seemingly

---

[2] See also 28 U.S.C. § 2201 and 28 U.S.C. § 2202
[3] 28 CFR § 36.201(a) and 28 CFR § 36.104
[4] as defined by 28 CFR § 36.105(b)(1-2)

trivial architectural features such as parking spaces, curb ramps, restrooms doors, and paper towel dispensers are often taken for granted by the non-disabled but, when implemented improperly, are cumbersome, arduous and even dangerous for him and other wheelchair users.

13. The barriers to access that Mr. Moore experiences at differing places of public accommodation are extremely similar in nature. For example, he is faced with sloping within accessible parking spaces, a lack of van accessible access aisles, improper curb ramps, non-accessible restrooms, and obstacles which block his path of travel - over and over and over again. For that reason, the actions filed on his behalf are often very alike; naming similar barriers and seeking similar remediation. Mr. Moore is frustrated and disheartened by the repetitiveness of the complaints he is forced to make to employees and management.

14. Mr. Moore has friends and family across the northeast region and he travels extensively around his home state of New Jersey. Specifically, but not exclusively, he visits the casinos of Atlantic City, Monmouth Park, Great Adventure theme park, shopping malls/outlets, and many of the State's beautiful beaches.

15. Mr. Moore has visited Gable's Shopping Center on multiple occasions, his last visit occurring on or about May 27, 2021. On this occasion Mr. Moore visited the Subject Property as a bone fide purchaser in an attempt to avail himself of the goods and services offered to the public within, but found that the Subject Property contained many violations of the ADA, both in policy and in architecture.

16. Gable's Shopping Center contains stores and restaurants that do not require any advance reservations but Mr. Moore fully intends to return to the stores and restaurants therein on his next (and subsequent) trip(s) to and through Neptune City and Monmouth County.

17. Mr. Moore will return to the Subject Property not only as a bone fide purchaser but also to

monitor any progress made with respect to ADA compliance - he hopes his visits are not made in vain.

18. Mr. Moore has visited Gable's Shopping Center not only as a bone fide purchaser; availing himself of the goods and services offered to the public within, but also to investigate the status of the violations that he previously encountered.

19. Mr. Moore has personally encountered repeated exposure to architectural barriers and otherwise harmful conditions that have endangered his safety at Gable's Shopping Center.

20. The ADA has been law for over thirty (30) years and the Subject Property remains non-compliant. Thus, the Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination by the Defendant.

21. Thus, Mr. Moore has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA. Paragraph 26 of this Complaint contains a detailed but non-exhaustive list of the architectural barriers personally encountered by him at the Subject Property.

22. Following any resolution of this matter Mr. Moore and The Independence Project will ensure that the Subject Property undertakes the remedial work that is required under the appropriate standard and is compliant with the ADA. This reinspection will occur as set forth in the parties' settlement agreement or as ordered by this Court.

**COUNT I**

**Violation of Title III of the
Americans with Disabilities Act, 42 U.S.C. § 12181, et seq.**

23. PLAINTIFFS reallege and incorporate by reference all of the allegations contained in all of the preceding paragraphs.

24.  The Defendant has discriminated against the Plaintiffs, and others similarly situated, by denying access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Subject Property, as prohibited by the ADA.

25.  A preliminary inspection of the Subject Property has shown that violations of the ADA exist.

26.  The following are architectural barriers and violations of the ADA that Mr. Moore has personally encountered during his visits to Gable's Shopping Center:

**Parking and Exterior Accessible Route**

a. The designated accessible parking area throughout Gable's Shopping Center lacks adequate access aisles, contains sloping within the designated accessible parking spaces, and lacks compliant accessible routes from the accessible parking, all in violation of Sections 402 and 502 of the 2010 Standards for Accessible Design.  To ensure safe access to his van Mr. Moore is forced to park away from the shopping center so that he does not have to use an overly sloped parking space with an inadequate access aisle.

b. Gable's Shopping Center fails to provide the required amount of compliant accessible parking spaces, in violation of Section 502 of the 2010 Standards for Accessible Design. Due to the lack of compliant accessible parking Mr. Moore is forced to park away from the shopping center to ensure access to his van. Again, Mr. Moore parks away from the shopping center, in an empty area, so he does not become blocked out of his van by a car which parks directly next to him - should that happen he would become stranded in the parking lot until that car vacated its parking space. None of this would be necessary if Defendant installed the proper number of compliant access parking spaces and van accessible parking space at the Subject Property.

    c. Curb ramps are not installed in some areas of the Subject Property; the curb ramps which are provided to access the stores/tenant spaces at Gable's Shopping Center do not comply with the ADA and are unsafe for use by Mr. Moore. The existing curb ramps contain excessive slopes, abrupt changes of level, and lack level landings; these conditions violate Sections 402 and 406 of the 2010 Standards for Accessible Design. Mr. Moore is forced to deal with a lack of maneuvering clearance at the top of the curb ramp - a tipping hazard which endangers his safety and can cause damage to his wheelchair.

    d. The exterior accessible route leading from the parking spaces and throughout Gable's Shopping Center fails to provide a safe accessible route, a violation of Section 402 of the 2010 Standards for Accessible Design. In order to reach the curb ramps Mr. Moore is forced to travel through the traffic area of the center which puts him in danger of encountering oncoming vehicles, while he must also navigate cross slopes in order to access the tenant spaces.

    e. Gable's Shopping Center fails to provide a safe, compliant, and accessible route to the street or sidewalk; in violation of Section 206.2.1 of the 2010 Standards for Accessible Design. The existing route contains an inaccessible ramp; thus Mr. Moore cannot access the Subject Property from those areas.

**Access to Goods and Services**

    f. When attempting to enter tenant spaces at Gable's Shopping Center, Mr. Moore is impeded by slopes beyond the allowable limits and/or abrupt changes of level at the base of the door, in violation of Section 404 of the 2010 Standards for Accessible Design. Due to the sloping and the presence of steps Mr. Moore cannot enter the tenant spaces without assistance, and the abrupt changes of level can cause damage to his wheelchair.

g. Payment counters throughout Gable's Shopping Center, including those within Irv's Deli, China One, Cone Zone, and Tony's Pizza are mounted beyond the reach of Mr. Moore, in violation of Section 308 and 904 of the 2010 Standards for Accessible Design.

h. Tenant spaces Irv's Deli, China One, and Tony's Pizza fail to provide the required number of accessible dining tables, in violation of Section 902 of the 2010 Standards for Accessible Design. Due to the lack of accessible tables Mr. Moore is unable to dine comfortably.

**Restrooms**

i. The restrooms provided within tenant spaces Irv's Deli and China One are not ADA compliant and are unsafe for use by Mr. Moore.  The barriers to access include inaccessible water closets which lack proper controls and a lack of wheelchair maneuvering clearance; in violation of Section 601 of the 2010 Standards for Accessible Design.

j. The restrooms located within Irv's Deli and China One provide soap and paper towel dispensers which are mounted in improper locations, a violation of Section 308 of the 2010 Standards for Accessible Design. While using these restrooms Mr. Moore cannot access these dispensers.

k. The lavatories located within Irv's Deli and China One lack the accessibility and proper knee clearance required, in violation of Section 606 of the 2010 Standards for Accessible Design. Mr. Moore cannot make use of the sink because he can neither fully approach nor reach the controls.

l. The restrooms within the Irv's Deli and China One contain improper centerlines for the water closets and flush controls which are mounted on the wall side; a violation of Section 604 of the 2010 Standards for Accessible Design.  Due to these barriers Mr. Moore has been unable to make full use of these restrooms without assistance.

    m. Mr. Moore's use of the restroom doors is impeded by improper door signage and a lack of wheelchair maneuvering clearance; violations of Section 404 of the 2010 Standards for Accessible Design. Mr. Moore cannot enter/exit the restroom safely; without assistance he would become trapped inside the restroom.

27. Each of the foregoing violations is also a violation of the ADA Standards for Accessible Design, originally published on July 26, 1991 and republished as Appendix D to 28 CFR part 36 ("1991 Standards"); the "2004 ADAAG", which refers to ADA Chapter 1, ADA Chapter 2, and Chapters 3 through 10 of the Americans with Disabilities Act and the Architectural Barriers Act Accessibility Guidelines, which were issued by the Access Board on July 23, 2004 and codified at 36 CFR § 1191, appendix B and D;  and the 2010 Standards for Accessible Design ("2010 Standards"), as promulgated by the U.S. Department of Justice.[5]

28. The discriminatory violations described in paragraph 26 may not be an exhaustive list of the ADA violations that exist at Gable's Shopping Center but they are the result of a preliminary inspection conducted by the Plaintiffs and include those personally experienced by Mr. Moore. Plaintiffs require thorough inspection of the Defendant's place of public accommodation in order to photograph and measure the architectural barriers existing at the Subject Property.

29. Mr. Moore, and all others similarly situated, will continue to suffer discrimination, injury and damage without the immediate relief provided by the ADA and requested herein.

30. Defendant has discriminated against the Plaintiffs, and all those similarly situated, by denying access to full and equal enjoyment of the goods, services, facilities, privileges, advantages

---

[5] 28 CFR § 36.104

and/or accommodations of its place of public accommodation or commercial facility in violation of the ADA.

31. Defendant continues to discriminate against the Plaintiffs, and all those similarly situated, by failing to remove architectural barriers, and communication barriers that are structural in nature.[6]

32. Defendant continues to discriminate against the Plaintiffs, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities.[7]

33. Defendant continues to discriminate against the Plaintiffs, and all those similarly situated, by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.[8]

34. If the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993[9] then the Defendant's facility must be readily accessible to and useable by individuals with disabilities in accordance with the 1991 Standards.

35. Pursuant to 28 CFR § 36.304(a)(1) "any alteration" made to Gable's Shopping Center after January 26, 1992 must have been made so as to ensure that, to the maximum extent feasible, the altered portions of the Subject Property area readily accessible to and usable by individuals with

---

[6] 42 U.S.C. § 12181(b)(2)(A)(iv)
[7] 42 U.S.C. § 12181(b)(2)(A)(ii)
[8] 42 U.S.C. § 12181(b)(2)(A)(iii)
[9] as defined by 28 CFR § 36.401(a)(2)

disabilities, including individuals, like Mr. Moore, who use wheelchairs. An alteration is deemed to be undertaken after January 26, 1992, if the physical alteration of the property begins after that date.[10]

36. Pursuant to 28 CFR § 36.304(a) Defendant shall remove all existing architectural barriers, including communication barriers that are structural in nature, where such removal is readily achievable.

37. 28 CFR § 36.304(d)(2)(i) controls with respect to the corresponding technical and scoping specification to which each element at Gable's Shopping Center must comply with or be modified to meet. Those are defined as follows:

   a. Elements that have not been altered since on or after March 15, 2012 must comply with the 1991 Standards.

   b. Elements that have existed prior to and have not been altered since on or after March 15, 2012 that do not comply with the 1991 Standards must be modified (to the extent readily achievable) to comply with either the 1991 Standards or the 2010 Standards.

   c. Elements that have been altered on or after March 15, 2012 that do not comply with the 1991 Standards must be modified (to the extent readily achievable) to comply with the 2010 Standards.

38. Plaintiffs are not required to notify the Defendant of its violation of the ADA nor the ongoing discrimination prior to the filing of this action. To that end, Plaintiffs have found that voicing their concerns to employees and management, making phone calls, and writing letters is futile. In their experience the only way to spur action and achieve the accessibility required under

---

[10] 28 CFR § 36.402(a)(2)

the law is to file matters, like this one, and pray for the relief contained herein.

39. Plaintiffs are without adequate remedy at law and is suffering irreparable harm, including bodily injury consisting of emotional distress, mental anguish, suffering, and humiliation. Considering the balance of hardships between the Plaintiffs and the Defendant, a remedy in equity is warranted. The public interest would not be disserved by the issuance of a permanent injunction.

40. Pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505, Plaintiff is entitled to recovery of attorney's fees, costs, and litigation expenses from the Defendant.

41. Pursuant to 42 U.S.C. § 12188(a)(2), this Court is provided with authority to grant Plaintiffs injunctive relief, including an order to require the Defendant to alter Gable's Shopping Center and make the Subject Property readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA; or by closing the Subject Property until such time as the Defendant cure their violations of the ADA.[11]

**WHEREFORE,** Plaintiffs respectfully demand:

a. The Court issue a Declaratory Judgment determining that the Defendant is in violation of Title III of the ADA.

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such

---

[11] 42 U.S.C. § 12188(b)(2)

steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as the Court deems just and proper, and is allowable under Title III of the Americans with Disabilities Act.

### COUNT II
### Violation of New Jersey Law
### Against Discrimination, N.J.S.A. 10:5-1 et seq.

42. PLAINTIFFS reallege and incorporate by reference all of the allegations contained in all of the preceding paragraphs.

43. Defendant's facility is a place of public accommodation as defined by N.J.S.A 10:5-5, (LAD).

44. New Jersey law provides that all persons shall have the opportunity to obtain all the accommodations, advantages, facilities, and privileges of any public place of accommodation without discrimination on the basis of disability. This opportunity is recognized and declared to be a civil right.[12]

45. As set forth above, Defendant has violated the LAD by denying Mr. Moore, and all other disabled individuals, the full and equal enjoyment of the goods, facilities, services and accommodations available at Gable's Shopping Center.

46. As a result of the aforementioned discrimination through repeated exposure to architectural barriers and other harmful conditions, Mr. Moore has sustained bodily injury in the form of

---

[12] Pursuant to N.J.S.A 10:5-4

emotional distress, mental anguish, suffering and humiliation, in violation of the LAD.

**WHEREFORE**, Plaintiffs respectfully demand:

a. That this Court assume jurisdiction.

b. An injunction ordering the Defendant to comply with the ADA and the LAD.

c. An award of monetary damages to Mr. Moore.

d. Reasonable attorney's fees, litigation expenses, and costs; including expert fees and costs.

e. An Order requiring the Defendant to maintain the required accessible features at the Subject Property.

f. Other relief that this Court deems just and proper; and is allowed under the LAD.

Respectfully submitted,

Date: August 16, 2021
/s/ *Jon G. Shadinger Jr.*
Jon G. Shadinger Jr., Esq.
Shadinger Law, LLC
NJ Attorney ID No. 036232017
717 E. Elmer St.
Vineland, NJ 08360
Tel (609) 319-5399
Fax (314) 898-0458
js@shadingerlaw.com
*Attorney for Plaintiffs,*
*Ronald Moore and The Independence, Inc.*